UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-61437-Civ-Hurley/Hopkins

SHERYL WALLACE,

          Plaintiff,

vs.

SUPERCLUBS PROPERTIES, LTD.,
and INTERNATIONAL LIFESTYLES, INC.,

          Defendants.

_____/

## REPORT AND RECOMMENDATION AS TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' PLEADINGS AND ENTRY OF DEFAULT JUDGMENT AS SANCTIONS FOR VIOLATION OF ORDER COMPELLING RESPONSES TO DISCOVERY (DE 143)

**THIS CAUSE** has come before this Court upon an Order referring all discovery to the undersigned United States Magistrate Judge for final disposition. (DE 126). This Court has before it Plaintiff's Motion to Strike Defendants' Pleadings and Entry of Default Judgment as Sanctions for Violation of Order Compelling Responses to Discovery, Defendants' response in opposition, and Plaintiffs' Reply. (DEs 143, 145, 147). The matter is now ripe for review. For the reasons that follow, this Court **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion. (DE 143).

## BACKGROUND

Plaintiff originally filed the instant case in the United States District Court for the Eastern District of Pennsylvania after she sustained personal injury at a resort in Jamaica. (DE 1). During the time that the case was pending in the Eastern District of Pennsylvania, the Court Ordered that discovery proceed only as to the issue of personal jurisdiction. (DE 74).

Although the case was transferred to the Southern District of Florida in June of 2008, the case was not formally entered onto the docket until September of 2008.  (DEs 121, 122).  In October of 2008, the parties filed their notices of substitution of counsel, and, on November 4, 2008, the District Court entered its scheduling order permitting general discovery to proceed. (DEs 123-126).

On May 19, 2009, Plaintiff filed a Motion to Compel Discovery.  (DE 140).  In the Motion, Plaintiff stated that while the case was pending in the Eastern District of Pennsylvania, Plaintiff had served numerous interrogatories, and that Defendants had failed to serve responses for "almost three years."  (DE 140, pg. 1).  Nevertheless, Plaintiff stated that upon transfer of the case to the Southern District of Florida, the parties conferred on several occasions regarding the outstanding discovery requests, whereupon counsel for Defendants, Mr. Kerry Kessler ("Kessler") agreed to provide the information requested by Interrogatories numbered 6-21 and 25.  (DE 140, exh. E, F, G).  Defendants ultimately failed to provide the promised discovery responses, prompting Plaintiff to file its Motion to Compel on May 19, 2009.  (DE 140, pg. 3).

On June 25, 2009, with no response having been filed by Defendants, this Court entered an endorsed Order granting Plaintiff's Motion to Compel.  (DE 142).  In the Order, Defendants were Ordered to "provide substantive responses to Plaintiff's Interrogatories numbered 6-21 and 25 no later than July 6, 2009."  (DE 142).  The endorsed Order, entered electronically on the CMECF system, was automatically sent to various individuals in law firms representing both Plaintiff and Defendants, including counsel for Plaintiff, Michael Shafir ("Shafir").  (DE 142). Although several individuals from the firm representing Defendants, Shendell & Pollock, P.L., were sent the Order via CMECF, Kessler is not listed among the recipients.  (DE 142).

2

On July 7, 2009, one day after responses to the interrogatories were due, Plaintiff filed the instant Motion to Strike Defendant's Pleadings and Entry of Default Judgment as Sanctions for Violation of Order Compelling Responses to Discovery.  (DE 143).  Upon reviewing the Motion, this Court noted that the Motion lacks a certificate of conference as required by S.D. Fla. L.R. 7.1.A.3 (2009).  Nevertheless, because Plaintiff's Motion set forth the previous unsuccessful attempts by Plaintiff's counsel to resolve the underlying Motion to Compel, this Court set the matter for a hearing on July 21, 2009.  (DE 144).

On July 17, 2009, Defendants filed a Response to Plaintiff's Motion, wherein Defendants explained the reasons for their failure to comply with this Court's Order.  (DE 145).  Defendants first took issue with Plaintiff's contention that Defendants had failed to respond to Plaintiff's discovery requests for three (3) years.  (DE 145, pgs. 1-2).  Defendants noted that in light of the fact that discovery had been limited to the issues of personal jurisdiction by the Eastern District of Pennsylvania, Defendants were not under any obligation to respond to Plaintiff's discovery requests which had been served three (3) years ago.  (DE 145, pgs. 1-2).  Defendants also noted that the parties had agreed to extend any response to Plaintiff's substantive discovery requests until early May of 2009.  (DE 145, pg. 2).

Next, Defendants stated that on the day that Plaintiff filed the Motion to Compel, May 19, 2009, the law firm representing Defendants experienced a failure of its e-mail server and other computer systems, such that the firm never received a copy of Plaintiff's motion.  (DE 145, pg. 2).  The firm's systems were inoperable for two (2) business days.  (DE 145 and exh. A).

That same day, May 19, 2009, Kessler, the attorney who has been handling the case for Shendell & Pollock, P.L., ("the firm"), admitted himself into the hospital for an undescribed but

3

serious medical condition.  (DE 145).  Kessler showed no further medical symptoms until June 3, 2009, when Kessler had to be transported from the Broward County Courthouse to Broward General Hospital by ambulance.  (DE 145, pgs. 2-3).  Kessler was hospitalized for three (3) days, and since resuming his work at the office, he has been working in a limited capacity.  (DE 145, pg. 3).

Defendants further discussed the firm's method of handling electronic pleadings sent via CMECF.  According to Defendants, an unnamed individual forwards all CMECF notices to the attorney assigned to handle the file.  (DE 145, pg. 3).  Although the firm had sent the CMECF notices to Kessler, the members of the firm were initially unaware that Kessler had not fully recuperated from his medical condition.  (DE 145, pg. 3).  The Defendants also noted that Kessler's other partners in the firm only realized there were any issues in the instant case upon Plaintiff's filing of the Motion for Sanctions.  (DE 145, pg. 3).  Nevertheless, Defendants immediately provided discovery responses to Plaintiff, and explained the reasons for the delay.  (DE 145, pg. 3).  In light of such circumstances, Defendants argued that no sanctions should be entered because Defendants' failure to comply with this Court's Order was unintentional, inadvertant, and not committed with any obstructive intent.  (DE 145, pgs. 3-13) (*citing United States v. Certain Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d 1314 (11th Cir. 1997); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536 (11th Cir. 1993) (*other citations omitted*).

In its Reply, Plaintiff first notes that Kessler has never even filed a notice of appearance in the case.  (DE 147, pg. 2).  Plaintiff also argues that (1) Defendants' failures to respond to both the underlying Motion to Compel and to this Court's Order were willful, as evidenced by the fact that on June 17, 2009, while Plaintiff's Motion to Compel was pending, Defendants filed on

CMECF a notice of unavailability for certain dates in July of 2009; (2) even if the firm experienced a failure of its e-mail server, the firm was nevertheless obligated, once the firm's systems were restored, to check the docket of the case to see if any motions or orders were filed during the time that the server was inoperable; (3) despite Kessler's alleged medical condition, he has been traveling in Europe for the past few weeks; (4) even if Kessler is the attorney assigned to handle this case for the firm, Shendell and another partner in the firm, Mr. Pollock ("Pollock"), as counsel of record herein, are ultimately responsible for the handling of the case; and, (5) Defendants' purported discovery responses are inadequate because Defendants failed to provide substantive responses, and merely stated that their investigation of the incident is on-going, that Defendants were not in exclusive possession or in control of the premises on the day the incident occurred, and that they lack first hand knowledge of the events.  (DE 147, pgs. 1-9, exhs. A, B).

At the hearing conducted on July 21, 2009, Shafir appeared on behalf of Plaintiff, and Defendants appeared through Kessler and another partner in the firm, Gary Shendell ("Shendell").  Kessler admitted that he failed to respond to the Motion to Compel and failed to provide the discovery as Ordered by this Court because he simply "missed it."  However, Kessler stated that his actions were neither willful or contumacious; that as soon as he became aware of his failure to provide the discovery by virtue of Plaintiff's motion for sanctions, he immediately began consulting with his clients to prepare verified responses; and, that responses to the interrogatories were provided to Plaintiff one day after Plaintiff filed the motion for sanctions. Kessler also stated that prior to the filing of the underlying Motion to Compel, the parties had been in regular contact with regard to Plaintiff's discovery requests.

With regard to his medical condition, Kessler stated that his physician discovered that he has a heart flutter which required surgical implantation of a device which allows his physician to monitor Kessler's heart condition remotely at any time.  Kessler also stated that he was initially unaware that he suffers from the condition, and was not aware of the seriousness of his condition until he was rushed to the hospital by ambulance.  Kessler reports that although he is able to work at this time, he is working under a "diminished capacity," and that his physician is still attempting to determine the cause of his condition.

As to the failure of the firm's server, Kessler stated that the firm system was inoperable for two business days.

With regard to Plaintiff's assertion that Kessler is not even listed as attorney of record for this matter, Kessler admitted that he is not trained on CEMCF, does not access the system independently, and does not receive e-mails directly from CMECF.  Rather, Kessler stated that an administrative assistant in the firm files all of his pleadings on his behalf.  Kessler stated although he has practiced for many years, he is new to Florida, only joined the firm earlier this year, and was in the process of setting up training for CMECF when his medical issues arose.

Kessler's partner, Shendell, also explained that when the firm receives e-mails from CMECF, a person in the firm forwards the e-mails to the attorney assigned to the case and to the other partners.  Shendell stated that since the time that Kessler was initially admitted to the hospital, he had been conferring regularly with Kessler to see if he needed assistance in handling his cases, but that Kessler stated that everything was under control.  Shendell explained that he had no reason to disbelieve Kessler because Kessler was asymptomatic.  Shendell assured this Court that the firm has never experienced such a problem before, that the firm is in the process of

evaluating its internal procedures to ensure that an incident such as occurred herein does not

occur in the future, and that the firm will consider how it can regularly check the docket for

pending motions and pertinent orders.


## DISCUSSION

Plaintiff relies on Rule 37(b) in support of its motion for sanctions.  (DE 143, pg. 1).

Rule 37 provides in relevant part,

> **(b) Failure to Comply with a Court Order**.
> ****
> **(2) Sanctions in the District Where the Action Is Pending**.
> **(A)** For Not Obeying a Discovery Order. If a party or a party's officer, director,
> or managing agent--or a witness designated under Rule 30(b)(6) or
> 31(a)(4)--fails to obey an order to provide or permit discovery, including an
> order under Rule 26(f), 35, or 37(a), the court where the action is pending may
> issue further just orders. They may include the following:
> > **(i)** directing that the matters embraced in the order or other designated facts
> > be taken as established for purposes of the action, as the prevailing party
> > claims;
> > **(ii)** prohibiting the disobedient party from supporting or opposing
> > designated claims or defenses, or from introducing designated matters in
> > evidence;
> > **(iii)** striking pleadings in whole or in part;
> > **(iv)** staying further proceedings until the order is obeyed;
> > **(v)** dismissing the action or proceeding in whole or in part;
> > **(vi)** rendering a default judgment against the disobedient party; or
> > **(vii)** treating as contempt of court the failure to obey any order except an
> > order to submit to a physical or mental examination.
> > ****
> **(C)** Payment of Expenses. Instead of or in addition to the orders above, the
> court must order the disobedient party, the attorney advising that party, or both
> to pay the reasonable expenses, including attorney's fees, caused by the failure,
> unless the failure was substantially justified or other circumstances make an
> award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(A), (C) (2009).

The primary purpose of Rule 37 sanctions is to deter future discovery abuse.  *See Sussman v. Salem, Saxon, and Nielsen, P.A.*, 154 F.R.D. 294, 298 (M.D. Fla. 1994) (*citing Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).  "Dismissal and default judgment are the most 'awesome' weapons in the Rule 37 arsenal." *Sussman*, 154 F.R.D. at 298 (*citing Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985)).  Courts have broad discretion in fashioning an appropriate sanction for discovery abuses.  *See Sussman*, 154 F.R.D. at 298 (*citing Malautea*, 987 F.2d 1536).  However, in fashioning sanctions, courts should ensure that the sanctions are "just and proportionate to the offense." *Rude v. The Dancing Crab at Washington Harbor, L.P.*, 245 F.R.D. at 18, 22 (D.D.C. 2007) (*citing Bonds v. District of Columbia*, 93 F.3d 801, 808 (D.C. Cir. 1996) (noting that litigation-ending sanctions should only be used as a last resort where lesser sanctions would prove futile).

Moreover, the Eleventh Circuit has stated that before a court may enter a default judgment under Rule 37, there must be "a willful or bad faith failure to obey a discovery order." *Malautea*, 987 F.2d at 1542 (*citations omitted*).  "Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." *Id*. (*citations omitted*).  The entry of a default judgment or dismissal is only appropriate as a last resort, where less drastic sanctions would not ensure compliance with a court order.  *See Id*. (*citation omitted*).  *See also Certain Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d 1317 (*citing Malautea*, 126 F.3d at 1317) (*other citations omitted*).

For several reasons, this Court concludes that Plaintiff has failed to show that it is entitled to the entry of a default judgment or the striking of Defendants' pleadings.  First, Plaintiff failed

to show willful disobedience of court order.  At most, Plaintiff has only shown negligence, which is insufficient to warrant the entry of a default judgment or striking of pleadings under Rule 37. *See Malautea*, 987 F.2d at 1542.

Second, Plaintiff has not shown that less drastic sanctions would not ensure compliance with this Court's previous Order.  Rather, in light of the fact that Defendants served responses to Plaintiff's interrogatories one day after the motion for sanctions was filed, it appears that less drastic sanctions would suffice.

Rather than entering a default judgment or striking Defendants' pleadings, this Court suggests that a proper sanction would be to Order Defendants to provide actual, substantive responses to the Interrogatories numbered 6-21 and 25, as previously Ordered by this Court, and to provide such responses forthwith.  After reviewing the responses Defendants provided to Plaintiff after the filing of the instant motion for sanctions, this Court agrees with Plaintiff that Defendants' responses are evasive, and not substantive.

For example, Defendants have responded to Plaintiff's interrogatories with repeated statements such as (1) Defendants were neither in control of, nor in exclusive possession of, the premises at the time of the incident; (2) they do not have the first hand knowledge required to respond to the interrogatories; (3) Innovative Resorts Limited was in possession of the premises at the time of the incident; and, (4) Defendants' investigation of the incident remains on-going. (DE 147, exhs. A, B).  However, such statements are contrary to an Order dated March 7, 2008, wherein the United States District Court for the Eastern District of Pennsylvania observed that Plaintiff had provided evidence showing that SuperClubs Properties, Ltd., one of the named Defendants herein, "owns, operates and manages the property and resort" where Plaintiff

sustained her injury, and further referred to the existence of a joint venture agreement between Defendant SuperClubs, Ltd. and another former Defendant in the case, Innovative Resorts, Ltd. (DE 114, pgs. 14, 17).

Although a showing of prejudice is not required under *Malautea*, this Court disagrees with Plaintiff's contention that it has been prejudiced by Defendants' failure to comply with this Court's discovery Order.  Contrary to Plaintiff's contention that Defendants were obligated to provide substantive discovery responses for three years, the docket shows that the United States District Court for the Eastern District of Pennsylvania had previously limited discovery to the issue of personal jurisdiction.  (DE 74).  The case transferred to the Southern District of Florida in September of 2008, and counsel made their appearances in the case in October of 2008.  (DEs 121-125).  The general scheduling order which permits the parties to engage in substantive discovery only issued in November of 2008.  (DE 126).  Moreover, as noted by Plaintiff in the underlying Motion to Compel, counsel for Plaintiff and Defendants had been working together on discovery issues without incident until approximately May of 2009, when counsel for Defendants suddenly failed to return phone messages and e-mails to counsel for Plaintiff.  (DE 140, pgs. 2-3).  When the law firm for Defendants became aware of the outstanding Order compelling discovery by virtue of Plaintiff's filing of the instant motion for sanctions, counsel for Defendants immediately attempted to comply with this Court's Order by supplying responses to Plaintiff's discovery requests.

Moreover, even if Plaintiff has been prejudiced by virtue of the evasive nature of Defendants' responses, the fact remains that any sanctions awarded under Rule 37 must be "just and proportionate to the offense."  *Rude*, 245 F.R.D. at 18, 22.  Because Defendants ultimately

10

provided the discovery, albeit late, and not to Plaintiff's satisfaction, Plaintiff is unable to show that she suffered a prejudice so severe "that it would be unfair for [her] to proceed." *Rude*, 245 F.R.D. at 22 (noting that default judgment is only appropriate under Rule 37(b) where (1) "the opposing party's ability to present its case has been so severely prejudiced that it would be unfair to require him to proceed," (2) "the burden placed on the court is intolerable," and (3) "there is a sufficient need to deter similar conduct in the future." (*quoting Caldwell v. Ctr. for Corr. Health & Policy Studies, Inc.*, 228 F.R.D. 40, 46 (D.D.C. 2005)).

For all the foregoing reasons, this Court **RECOMMENDS** that Plaintiff's Motion to Strike Defendants' Pleadings and Entry of Default Judgment as Sanctions for Violation of Order Compelling Responses to Discovery be **DENIED**.  (DE 143).

With regard to Plaintiff's request for attorney's fees in connection with its motion for sanctions, (DE 143, pg. 5), this Court **RECOMMENDS** that the District Court **DENY** such request.  Not only has Plaintiff failed to show that Defendants willfully failed to comply with this Court's discovery Order, but in light of Kessler's medical condition, the firm's attempted compliance with the Order, and the testimony and demeanor of Kessler and Shendell at the hearing, this Court concludes that the circumstances herein "make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (2009).

On a final note, this Court has previously mentioned that the instant motion for sanctions was filed a mere one (1) day after the discovery responses were due, and that the motion lacked the requisite certificate of conference.  Nevertheless, this Court looked beyond such omission, and set the matter for hearing in hopes that the parties would be able to resolve what is a routine discovery matter prior to the hearing.   Unfortunately, the parties were not able to do so.  The

parties are cautioned that in the future, all aspects of the Local Rules will be enforced, including

S.D. Fla. L.R. 7.1.A.3 (2009), which provides that "[f]ailure to comply with the requirements of

this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an

appropriate sanction, which may include and order to pay the amount of the reasonable expenses

incurred because of the violation, including a reasonable attorney's fee."

## **RECOMMENDATION TO THE DISTRICT COURT**

In conclusion, **IT IS HEREBY RECOMMENDED** that the District Court **DENY**

Plaintiff's Motion to Strike Defendants' Pleadings and Entry of Default Judgment as Sanctions

for Violation of Order Compelling Responses to Discovery.  (DE 143).  It is **FURTHER**

**RECOMMENDED** that the District Court Order Defendants provide to Plaintiff substantive

responses to Interrogatories numbered 6-21 and 25 forthwith.

## **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation

with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern

District of Florida, within ten (10) days of being served with a copy of this Report and

Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348

(11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983).  Failure to timely file objections shall bar

the parties from attacking on appeal the factual findings contained herein.  *See LoConte v.*

*Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark*

*Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

      **DONE AND SUBMITTED** in Chambers this 23 day of July, 2009, at West Palm Beach

in the Southern District of Florida.


*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

cc:
The Honorable Daniel T.K. Hurley, Senior United States District Judge for the Southern District
of Florida
Counsel of Record

13